FILED
OCT 14 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THADDEUS ANDREW STACY,                          CV. 09-1070-KI

          Plaintiff,                  ORDER TO PROCEED IN FORMA
v.                                               PAUPERIS AND TO DISMISS

MAX WILLIAMS, et al.,

          Defendants.

KING, Judge

### IN FORMA PAUPERIS/FILING FEE

Plaintiff, an inmate at the Eastern Oregon Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff moves to proceed *in forma pauperis* (#1). An examination of the application reveals that plaintiff is unable to afford the fees of this action. Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given the plaintiff is confirmed. However, the Clerk of the Court shall not issue process until further order of the court.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner proceeding *in forma pauperis* is required to pay the full filing fee of $350.00

1 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

when funds exist. Plaintiff has authorized the agency having custody of him to collect the filing fee from his prison trust account when funds exist. Accordingly, an initial partial filing fee of $39.16 is assessed by this order.

Upon payment of the initial partial filing fee, plaintiff shall be obligated to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's trust account. These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid in full.

## ORDER TO DISMISS

### I. STANDARDS.

Plaintiff brings this civil rights action against state prison officials, alleging three claims for relief. This court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the court determines that the action fails to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000).

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Ortez v. Washington County, 88 F.3d 804, 806 (9th Cir. 1996); Cervantes v. City of San

2 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

Diego, 5 F.3d 1273, 1274 (9th Cir. 1993). Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Ortez, 88 F.3d at 806. Plaintiff shall be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1127-31.

II. **DISCUSSION.**

   A. **Claim One.**

In his first claim for relief, plaintiff alleges that:

> [D]efendants [have] withheld available law library fine, access to typewriters, access to legal mail logs (outgoing), denying ancillary services including copies of case law unless Petitioner can pay 10¢ a page."

I construe this claim to be one for the denial of access to the courts. The claim is dismissed, for failure to state a claim, because plaintiff does not allege that he suffered actual prejudice, to contemplated or existing litigation, as a result of defendants alleged conduct. Lewis v. Casey, 518 U.S. 343, 349-55 (1996); Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended on denial of reh'g., 135 F.3d 1318 (9th Cir. 1998).

Plaintiff also alleges that his First Amendment rights have been chilled by "veiled threats" by defendants Clark and Emory that staff were likely to become more adversarial toward plaintiff and

3 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

make his time more difficult if petitioner continued to file grievances.

It is well settled that verbal threats or abuse do not rise to the level of a constitutional violation. <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987); <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987). Accordingly, plaintiff has failed to state a claim.

B. Claim Two.

In his second claim for relief, plaintiff alleges that correctional officials seized four legal books from his cell and later returned the books damaged. Plaintiff alleges the books were taken to "retaliate against petitioner collectively to chill petitioner's exercise of both First and Fourteenth Amendment Protections."

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005). Under the fourth element, the plaintiff need not allege a "total chilling of his First Amendment rights". <u>Id.</u> at 568.

Here, plaintiff fails to allege that he engaged in constitutionally protected activity that resulted in retaliatory conduct, or that defendants' alleged conduct chilled the exercise of his First Amendment rights. As alleged, plaintiff asserts only that defendants acted with the *motive* to chill his First Amendment rights. Accordingly, plaintiff fails to state a claim.

C.  **Claim Three.**

In his third claim for relief, plaintiff alleges that defendant O'Malley "and other unknown mailroom workers" opened plaintiff's incoming mail from this court, even though it is clearly marked "official mail" and is only subject to inspection in plaintiff's presence. Plaintiff alleges that this conduct was done in retaliation for plaintiff filing grievances and in order to chill plaintiff's access to the courts.

To the extent plaintiff is alleging that his First Amendment rights were violated by the opening of mail from this court, outside of his presence, plaintiff fails to state a claim because mail to and from the court, as contrasted to mail from plaintiff's attorney, is not confidential legal mail. Keenan, 83 F.3d at 1094.

To the extent plaintiff is alleging a First Amendment retaliation claim, plaintiff fails to state a claim due to his failure to allege that the alleged conduct chilled his First Amendment rights. As alleged, plaintiff asserts only that

5 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

defendants acted with the *motive* to chill his First Amendment rights.

## CONCLUSION

Based on the foregoing, plaintiff's provisional *in forma pauperis* status is CONFIRMED, and plaintiff's complaint is DISMISSED for failure to state a claim. IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (#6) is DENIED because plaintiff has failed to demonstrate a likelihood of success on the merits.

Plaintiff's motion to file an amended complaint (#4) is GRANTED. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

Plaintiff shall pay the $350.00 filing fee when funds exist. IT IS ORDERED that the Oregon Department of Corrections (ODOC) shall collect from plaintiff's trust account an initial partial filing fee in the amount of $39.16 and shall forward the amount to the Clerk of the Court. Said payment shall be clearly identified by the name and number assigned to this action.

The ODOC shall collect from plaintiff's prison trust account the balance of the filing fee and shall forward payments to the Clerk of the Court in accordance with the formula set forth above.

6 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

The payments shall be clearly identified by the name and number assigned to this action.

The Clerk of the Court is directed to send a copy of this order to the Oregon Department of Corrections, Central Trust Unit, 2575 Center Street, Salem, Oregon 97310.

IT IS SO ORDERED.

DATED this __14__ day of October, 2009.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge