IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THADDEUS ANDREW STACY,                              CV. 09-1070-KI

        Plaintiff,                                 ORDER

  v.

MAX WILLIAMS, et al.,

        Defendants.

KING, Judge

    This is one of eight cases filed by plaintiff between 2005 and 2009. On October 14, 2009, I dismissed plaintiff's complaint, for failure to state a claim, and denied plaintiff's motion for a temporary restraining order. Plaintiff was given 30 days in which to file an amended complaint.

    On November 13, 2009, I granted plaintiff's request for a 30-day extension of time to file his amended complaint. Currently before the court are plaintiff's second motion for extension of time and for injunctive relief (#10), motion for voluntary dismissal (#11), and motion to convene a grand jury (#12).

///

1 - ORDER

**DISCUSSION**

Within a one month period, plaintiff moved the court to extend the time to file an amended complaint, and moved to dismiss the action because he was unable to gain the necessary library access to file an amended complaint. In the motion for extension of time, plaintiff complains that prison officials have refused to provide plaintiff a copy of his amended complaint for filing. Atatched to plaintiff's motion to dismiss is a copy of a lengthy "partial" amended complaint. Plaintiff moves the court to convene a grand jury to "hear evidence regarding the actions and misconduct" of state prison officials.

IT IS ORDERED that plaintiff's motion to convene a grand jury and to stay this action is DENIED. See Leeke v. Timmerman, 454 U.S. 83, 86 (per curiam) ("private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"), reh'g denied, 454 U.S. 1165 (1982).

IT IS FURTHER ORDERED that, because plaintiff's motion to voluntarily dismiss appears to be conditioned on his request that the court waive payment of the filing fee, plaintiff's motion for voluntary dismissal is denied. Pursuant to 28 U.S.C. 1915(b)(1), a prisoner proceeding *in forma pauperis* shall be required to pay the full filing fee when funds exist. Plaintiff's voluntary dismissal, at this stage of the proceeding, does not eliminate this requirement. Plaintiff is advised that if he renews his request

2 - ORDER

for voluntary dismissal, and omits the request for waiver of the filing fee, plaintiff's request for voluntary dismissal shall be granted.

Finally, plaintiff's motion for extension of time is granted to the extent that the deadline for filing an amended complaint is extended to February 1, 2010. Plaintiff is advised that no additional extensions shall be granted. Plaintiff's request for injunctive relief is denied due to the fact that defendants have yet to be served in this case, and plaintiff has failed to demonstrate a likelihood of success on the merits.

## **CONCLUSION**

Based on the foregoing, plaintiff's motions for injunctive relief, to dismiss, and to convene grand jury (#10-2, #11 & #12) are DENIED. Plaintiff's motion for extension of time (#10-1) is GRANTED to the extent that the deadline to file an amended complaint is extended to February 1, 2010.

///

///

///

///

///

///

///

3 - ORDER

The Clerk of the Court is DIRECTED to send plaintiff a form prisoner § 1983 complaint with this order.  Plaintiff is advised that pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Each averment of a pleading shall be simple, concise and direct."  Fed. R. Civ. P. 8(e).  The lengthy legal argument contained in plaintiff's "partial" amended complaint is not appropriate.

IT IS SO ORDERED.

DATED this ___4th___ day of January, 2010.

                                                          /s/ Garr M. King
                                                          Garr M. King
                                                          United States District Judge

4 - ORDER