IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

T. ANDREW STACY,                                CV. 09-1070-KI

            Plaintiff,                                ORDER
      v.

DEBRA HASCALL, et al.,

            Defendants.

KING, Judge

      Plaintiff, an inmate at Two Rivers Correctional Institution,
brings this civil rights action pursuant to 42 U.S.C. § 1983.
Currently before the court is plaintiff's second amended complaint
(#18), motion for preliminary injunction (#17), and motion to
appoint special master (#16).  For the reasons set forth below,
plaintiff's amended complaint is dismissed in part, and plaintiff's
motions for preliminary injunction and to appoint a special master
are denied.

**ORDER TO DISMISS IN PART**

I.  **STANDARDS**.

      This court must dismiss an action initiated by a prisoner
seeking redress from a governmental entity or officer or employee,

if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000).

II.  **DISCUSSION**.

    A.  **Claim One**.

    In his first claim for relief, plaintiff alleges that defendant Hascall, the Law Librarian Coordinator at the Eastern Oregon Correctional Institution (EOCI), read materials related to this case submitted to her by plaintiff for photocopying.  After conferring with Captain Lilienthal and Transitional Services Manager Clark, Hascall allegedly requested that Correctional Officer Kautz seize the materials, but Kautz refused.  Plaintiff further alleges that defendants Hascall, Clark, Lilienthal and Surber[1] confiscated "books and evidentiary material for the purpose[] of gaining an advantage in a Federal Suit in which they were named defendants" and in order to chill plaintiff's desire to interact with the court.  Plaintiff concludes that the foregoing conduct violated (1) his First and Fourteenth Amendment rights;

_____

    [1] Correctional Officer Surber is not listed as a defendant in either the caption or the listing of parties at page 3 of the amended complaint.  Accordingly, the claim shall not proceed as to him.  See Fed. R. Civ. P. 10(a).

(2) 42 U.S.C. §§ 1983, 1985 and 1988; and (3) 18 U.S.C. §§ 241, 245 and 1512.

As noted by the court in its previous order, plaintiff fails to state a claim for the denial of access to the courts because he fails to allege the he suffered actual prejudice as a result of defendants' conduct. Lewis v. Casey, 518 U.S. 343, 349-55 (1996); Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended on denial of reh'g., 135 F.3d 1318 (9th Cir. 1998). In this regard, the court notes that plaintiff's access claim is premised upon defendants' alleged interference in the preparation and copying of plaintiff's amended complaint in the instant proceeding. Because plaintiff timely filed his amended complaint, he has failed to allege an actual injury to his right of access to the courts.

To the extent that plaintiff's claim is premised upon defendants' purported violation of 18 U.S.C. §§ 241, 245 and 1512, plaintiff fails to state a claim because those criminal statutes do not create a private right of action. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006), cert. denied, 549 U.S. 1231; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Reilly v. Concentrex, Inc., 1999 WL 1285883, *1 (D.Or. Dec. 23, 1999). Additionally, plaintiff has failed to allege facts to support a violation of 42 U.S.C. § 1985. See Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993) (claim under § 1985(3) and the second clause of § 1985(2) must be premised upon racial or

class-based animus demonstrating an invidious discriminatory
motivation; claim under first clause of § 1985(2) requires proof of
injury). Plaintiff is advised that 42 U.S.C. § 1988 simply
provides for the recovery of reasonable attorney fees.

Accordingly, plaintiff's first claim for relief shall proceed
against defendants Clark, Lilienthal, and Hascall only as a First
Amendment retaliation claim under 42 U.S.C. § 1983. See Brodheim
v. Cry, 584 F.3d 1262, 1269-71 (9th Cir. 2009) (setting forth
elements of retaliation claim).

**B.   Claim Two.**

In his second claim for relief, plaintiff alleges that
defendants Hascall, Lilienthal, and Clark refused to photocopy
plaintiff's amended complaint and filed multiple false misconduct
reports against plaintiff in retaliation for his filing this
action. Plaintiff alleges that the foregoing conduct constitutes
retaliation, denial of due process, denial of access to the courts,
and violated multiple state and federal statutes. Finally,
plaintiff alleges that he filed a prison grievance complaining of
the foregoing conduct which, despite its merit, was denied by
Grievance Coordinator P. Maine.

Plaintiff has failed to allege any facts to support a due
process claim. To the extent that plaintiff is claiming that he
was denied procedural due process during a prison disciplinary
proceeding, plaintiff has failed to state a claim in the absence of

an allegation that he was subjected to an atypical significant hardship *in relation* to the ordinary incidents of prison life as a result of the disciplinary proceedings. See <u>Sandin v. Conner</u>, 515 U.S. 472, 478-84 (1995).

Further, O.R.S. 162.415 and O.R.S. 163.275 do not purport to create a private right of action, and plaintiff has failed to state a claim for the denial of access to the courts, or for the violation of 42 U.S.C. §§ 1985 or 1988 for the reasons stated above. Accordingly, this claim shall proceed as a First Amendment claim for retaliation only against defendants Hascall, Lilienthal and Clark.

**C.    Claim Three.**

In his third claim for relief, plaintiff alleges that defendants Hascall and Clark generated a false misconduct report which motivated plaintiff to return to the disciplinary segregation unit (DSU). Plaintiff alleges that upon his return to DSU, Lieutenant Powell and Investigator Connor,[2] acting with Captain Lilienthal, told members of a "brutal prison gang" that plaintiff provided correctional officials confidential information which resulted in the lockdown of all gang members. Plaintiff alleges that Powell and Connor acted as part of a conspiracy with Clark,

---

[2] Connor is not listed as a defendant in either the caption or the listing of parties at page 3 of the amended complaint. Accordingly, the claim shall not proceed as to him. See Fed. R. Civ. P. 10(a).

Lilienthal, and Hascall, to force plaintiff to request protective
custody thereby limiting his ability to litigate in federal court.

Plaintiff alleges that as a result of defendants' conduct, he
missed a filing deadline and lost access to all of his electronic
case files.  Plaintiff concludes that defendants violated his right
of access to the courts, due process, and inflicted cruel and
unusual punishment.  Additionally, plaintiff cites to 18 U.S.C.
§§ 241, 245 and 1512, and 42 U.S.C. §§ 1985 and 1988.

Because plaintiff does not allege that he suffered any actual
prejudice to his existing federal litigation (i.e., dismissal due
to the failure to meet a filing deadline), plaintiff has failed to
allege a denial of access claim.  Lewis, 418 U.S. at 351.  With
regard to the alleged loss of his electronic files, plaintiff is
advised that the constitutional right of meaningful access to the
courts does not encompass sophisticated legal capabilities.  Id. at
354.  Plaintiff fails to state a due process claim, a claim for the
violation of 42 U.S.C. §§ 1985(2) or 1988, or a claim for violation
of 18 U.S.C. §§ 241, 245, or 1512 for the reasons stated above.
Accordingly, this claim shall proceed as a First Amendment
retaliation claim against defendants Hascall and Clark, and an
Eighth Amendment failure to protect claim against defendants Clark,
Lilienthal, Hascall, and Powell.

In sum, plaintiff's amended complaint is dismissed in part, as
set forth above, and the following defendants are dismissed from

this proceeding due to plaintiff's failure to state a claim as to them:  S. Justus, Parklyn Maine, Vicki Wilson, O'Malley, and John Doe, lead mailroom clerk.  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under § 1983 arises only upon a showing of personal participation by the defendant in the alleged constitutional deprivation).

<u>**MOTION FOR PRELIMINARY INJUNCTION**</u>

Plaintiff moves for a temporary restraining order or preliminary injunction granting a broad range of protections including providing plaintiff a minimum of 20 hours in the law library; granting him access to a table and stool (rather than a dorm living environment); granting him access to an electric typewriter and supplies; prohibiting library staff from imposing procedural hurdles not required by the court; prohibiting library staff from ridiculing inmates for their legal activities; prohibiting Oregon Department of Corrections (ODOC) staff from transferring inmates to disrupt their litigation, opening incoming mail from lawyers or the court, seizing legal materials from inmates; requiring ODOC staff "to maintain a minimum standard for legal library services" and to provide services equally to all prisoners.

Plaintiff's motion for injunctive relief is denied on the basis that plaintiff has failed to demonstrate a likelihood of success on the merits, he seeks mandatory injunctive relief which

extends beyond the scope of his allegations, and he offers no basis to support the issuance of injunctive relief without notice to the parties. See Fed. R. Civ. P. 65(b)(1) (setting forth requirements for issuing TRO without notice); 18 U.S.C. § 3626(a)(2) (providing that preliminary injunctive relief in civil action with respect to prison conditions must be narrowly drawn); Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008) (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); Marlyn Nutraceuticals, Inc. V. Mucas Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored).

## MOTION TO APPOINT SPECIAL MASTER

Plaintiff moves the court to appoint a special master pursuant to Fed. R. Civ. P. 53 to assist plaintiff in the course of this litigation and overcome obstacles caused by defendants and/or plaintiff's incarceration. Plaintiff's motion is denied due to plaintiff's failure to set forth a proper basis under Fed. R. Civ. P. 53 for such an appointment. See Fed. R. Civ. P. 53(a)(1) court may appoint master to perform duties consented to by the parties; holding trial proceedings and make or recommend findings of fact; or address pretrial and posttrial matters that cannot be effectively and timely addressed by an available judge or magistrate judge).

## CONCLUSION

Plaintiff's second amended complaint (#18) is DISMISSED in part as follows: (1) in its entirety as to defendants Justus, Maine, Wilson, O'Malley, and John Doe; (2) claims one and two shall proceed as retaliation claims against defendants Clark, Lilienthal and Hascall; and (3) claim three shall proceed  as a retaliation claim against Hascall and Clark, and a failure to protect claim against Clark, Lilienthal, Hascall and Powell.  IT IS FURTHER ORDERED that plaintiff's motions for preliminary injunction (#17) and to appoint a special master (#16) are DENIED.

The Clerk of the Court is DIRECTED to send a copy of this order, and a waiver of service packet to Chief Trial Counsel Loren Collins.  If the remaining defendants refuse to waive service, plaintiff shall be notified and provided the necessary forms for service by the U.S. Marshal's Service.

IT IS SO ORDERED.

DATED this _____31st_____ day of March, 2010.


                                          /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge