IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**T. ANDREW STACY**,                                      Civil Case No. 09-1070-KI

          Plaintiff,

    vs.                                                           OPINION AND ORDER

**GREG CLARK,** *TSM, EOCI***; DEBRA**
**HASCALL,** *Law Library***; CAPTAIN**
**LILIENTHAL; PARKLYN MANE,**
*Grievance Coordinator at EOCI***;**
**S. JUSTUS,** *Law Librarian***; LT. POWELL,**
*EOCI, STM***; VICKIE WILSON,** *Transitional*
*Service Manager,*

          Defendants.


     Thaddeus Andrew Stacy
     TRCI - 7409562
     82911 Beach Access Road
     Umatilla, Oregon  97882

        Pro Se Plaintiff


Page 1 - OPINION AND ORDER

John R. Kroger
Attorney General
Billie J. Eidson
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

      Attorneys for Defendants

KING, Judge:

      Plaintiff T. Andrew Stacy is an inmate previously incarcerated at Eastern Oregon Correctional Institution ("EOCI").  He claims EOCI prison staff violated his constitutional rights concerning his use of the law library to pursue this litigation.  Before the court is Defendants' Motion to Dismiss (#28).

## PREVIOUS RULING

      I previously limited Stacy's claims to the following allegations:

      Stacy's first claim for relief is a First Amendment retaliation claim brought against defendants Greg Clark, Captain Lilienthal, and Debra Hascall.  Stacy alleges that these defendants unsuccessfully conspired to confiscate the books and evidentiary material Stacy was using to amend his Complaint in this case.  Stacy alleges the motive for the attempted confiscation was to gain an advantage in this action in which the three employees are named defendants.

      Stacy's second claim for relief also is a First Amendment retaliation claim brought against defendants Clark, Lilienthal, and Hascall.  Stacy alleges that these defendants refused to

photocopy his Amended Complaint and filed multiple false Misconduct Reports against him in retaliation for filing this action.

Stacy's third claim for relief has two parts. The first part is a First Amendment retaliation claim brought against defendants Clark and Hascall in which Stacy alleges that these defendants generated a false Misconduct Report which motivated Stacy to ask to be returned to the disciplinary segregation unit ("DSU"). The second part is an Eighth Amendment failure-to-protect claim brought against defendants Clark, Lilienthal, Hascall, and Powell in which Stacy alleges that Powell and Lilienthal told members of a brutal prison gang that Stacy gave confidential information to prison officials which resulted in the lockdown of all gang members. Stacy further alleges that Powell, Clark, Lilienthal, and Hascall conspired to force Stacy to request protective custody, thereby limiting his ability to litigate in federal court.

## FACTS

Stacy entered Oregon Department of Corrections ("ODOC") custody on April 21, 2009. He was housed at EOCI from May 28, 2009 through January 14, 2010, and was then moved to Two Rivers Correctional Institution ("TRCI").

Hascall served as the Law Library Coordinator at EOCI. Clark supervised Hascall. Lilienthal is a Captain at the facility. Parklyn Maine is the Grievance Coordinator at EOCI.

On November 23, 2009, Maine received grievance EOCI 2009-11-00043 from Stacy, dated November 19. He complained that Hascall refused to print the Amended Complaint because she was a named defendant in the case, and the court would likely dismiss the case if Stacy missed the filing deadline. Stacy also alleged that Hascall filed a Misconduct Report which was subsequently dismissed. Maine received Hascall's response on December 16, 2009.

Page 3 - OPINION AND ORDER

Hascall explained she believed that, under the law library rules, Stacy had to pay to have the Amended Complaint printed because he had received his one free copy of a very similar document a few days earlier.  When she explained the rule to Stacy, he refused to pay and left the library.  Stacy did not appeal Hascall's response to EOCI 2009-11-00043.

On November 23, 2009, Maine received a second grievance from Stacy, EOCI 2009-11-00044, dated November 19.  Stacy alleged that Officer Kautz acted on Hascall's orders to inspect and possibly seize Stacy's legal material.  Kautz was to look for any evidentiary material from inmates other than Stacy.  After the inspection, Kautz returned the material to Stacy.  Maine received Hascall's response on December 16, 2009.  Hascall explained that she had noticed kites written by other inmates in Stacy's possession.  When her supervisor told her he knew of no reason for Stacy to have the kites, Hascall brought the issue to the Security Manager, Richard McGraw, who told her to bring the issue to the Officer in Charge, Lilienthal, who directed her to contact the appropriate unit officer to search Stacy's property.  Stacy did not appeal Hascall's response to EOCI 2009-11-00044.

On December 29, 2009, Maine received grievance EOCI 2009-12-00030 from Stacy, dated December 17, in which he alleged that on December 9, Hascall opened Stacy's confidential legal files in this case stored on his assigned thumb drive without his permission, printed two of the documents, and distributed them to unknown EOCI employees.  On January 11, 2010, Maine received Hascall's response.  Hascall explained that the incident involved a Misconduct Report she submitted on December 9 which concerned the library incident on November 13.  Hascall further explained that she submitted the copies as hearing exhibits to the Hearings Officer.  Stacy did not appeal Hascall's response.

Page 4 - OPINION AND ORDER

On December 29, 2009, Maine received grievance EOCI 2009-12-00050 from Stacy, dated December 22, in which he alleged he was denied adequate access to his personal legal materials for more than four weeks because he was housed in Administrative Segregation in response to gang threats.  On January 6, 2010, Maine received an Inmate Complaint Receipt Memo from Stacy concerning this grievance and stating that Stacy wanted to drop it.  Maine recalled the grievance and informed Stacy that there would be no response forwarded.

Stacy provided a declaration in which he discusses the retaliation he has suffered.  Stacy describes defendant Clark's position as the Transitional Services Manager who supervises the law library, Grievance Coordinator, mailroom, and counseling services.  On July 31, 2009, Clark told Stacy that he (Stacy) was getting a reputation as a troublemaker because of filing grievances. Clark also stated that Stacy's time in prison could become very difficult if he continued to fight Clark's system.

According to Stacy, Hascall filed a Major Disciplinary Report on December 9, 2009 in retaliation for his filing of grievance EEOC 2009-11-0043.  Stacy was held in the Disciplinary Segregation Unit ("DSU") until the Hearings Officer dropped the report for lack of evidence on December 18, 2009.  While Stacy was in the DSU, defendant Powell took all members of the Irish Pride gang into custody in the DSU and informed them that Stacy had provided confidential information implicating the gang in a conspiracy to commit a staff assault.  The gang members threatened Stacy until he was moved to a protective custody facility at TRCI.  TRCI has very limited law library facilities compared to EOCI, making Stacy's participation in this litigation extremely difficult.  Stacy has not been given enough typing paper he can use, there are not enough typewriter ribbons to complete his documents, and the mailroom has delayed his

outgoing legal mail and opened it outside of Stacy's presence.  Stacy also claims that he cannot

return to the general population without facing immediate physical attacks by prison gangs.

Stacy also alleges he was retaliated against by being denied access to a medically ordered

liquid diet following the extraction of sixteen teeth.

## DISCUSSION

I.    <u>Failure to Exhaust Administrative Remedies</u>

Defendants ask me to dismiss all of Stacy's claims because he failed to exhaust his

administrative remedies.

The Prison Litigation Reform Act's ("PLRA") exhaustion requirement creates an

affirmative defense that must be raised and proven by defendants.  <u>Wyatt v. Terhune</u>, 315 F.3d

1108, 1119 (9th Cir.), <u>cert. denied</u>, 540 U.S. 810 (2003).  Because the failure to exhaust

nonjudicial remedies is not jurisdictional under the PLRA, the defense is treated as a matter in

abatement and is subject to an unenumerated motion to dismiss rather than a motion for summary

judgment.  The court may look beyond the pleadings and decide disputed issues of fact.  If the

prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without

prejudice.  <u>Id.</u> at 1119-20.

Grievances are processed in accordance with the ODOC Administrative Rules for Inmate

Communication and Grievance Review System.  Inmates are encouraged to talk to first line staff

as their primary way to resolve disputes and, if not satisfied, to use a written inmate

communication form.  OAR 291-109-0100(3)(a).  If this does not resolve the issue, the inmate

may file a grievance if it complies with the rules.  OAR 291-109-0140(1)(a).

Page 6 - OPINION AND ORDER

Inmates may grieve: (1) the misapplication of or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee or volunteer; (3) any oversight or error affecting an inmate; (4) a program failure; or (5) the loss or destruction of personal property.  OAR 291-109-0140(2)(a)-(f).  A grievance must be filed within 30 days of the incident.  OAR 291-109-0150(2).

An inmate may appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response.  OAR 291-109-0170(1)(a) and (b).  If still not satisfied, the inmate may appeal the functional unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response to the first appeal.  OAR 291-109-0170(2)(a) and (c).  This final appeal is decided by an assistant director having authority over the issue.  OAR 291-109-0170(2)(c) and (d).

Stacy claims he was unable to exhaust his administrative remedies because the underlying issue in this action is that defendants retaliated against him to chill his ability to move forward and traverse the prison grievance process.  He contends that it is possible for retaliation, or the threat of retaliation, to make administrative remedies unavailable to an inmate.  Stacy argues that he filed twelve grievances on the issues before the court, causing defendants to file three disciplinary conduct reports against him.

Defendants contend that Stacy did not provide any evidence of the alleged retaliation.  In any case, defendants note that Stacy filed two grievances (EOCI 2009-12-00030 and EOCI 2009-12-00050) after the alleged retaliatory conduct supposedly occurred.  Thus, defendants

Page 7 - OPINION AND ORDER

argue that Stacy could have exhausted his grievances through the appeal process after

November 2009, as demonstrated by Stacy filing other grievances during that time frame.

I reviewed all copies of grievances Stacy filed with the court in his various complaints

and other documents.  I did not see any grievance appeals at either level.  Thus, it is clear that

Stacy failed to exhaust his administrative remedies on the three claims.  The question is whether

that failure is excused by the alleged retaliation.

The Ninth Circuit has held that there are exceptions to the PLRA's exhaustion

requirement:

> Several of our sister circuits have allowed exceptions to the PLRA's
> exhaustion requirement in the wake of the Court's decision in [Woodford v. Ngo,
> 548 U.S. 81, 126 S. Ct. 2378 (2006)].  For example, in Kaba v. Stepp, 458 F.3d
> 678, 684-86 (7th Cir. 2006), the Seventh Circuit remanded to the district court to
> determine whether prison officials' threats had effectively prevented the prisoner
> from exhausting his administrative remedies.  The court wrote approvingly of a
> decision in which the Third Circuit had "held that administrative remedies were
> unavailable where the prison officials erroneously told the prisoner that he must
> wait until the investigation was complete before filing a grievance." Id. at 684
> (citing Brown v. Croak, 312 F.3d 109, 111-12 (3d Cir. 2002)).  In Turner v.
> Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008), the Eleventh Circuit held that a
> prisoner who had been threatened with retaliation by prison officials if he filed a
> grievance was excused from complying with the PLRA's exhaustion
> requirements.  The court wrote: "[T]o be 'available' a remedy must be 'capable of
> use for the accomplishment of [its] purpose.'  Remedies that rational inmates
> cannot be expected to use are not capable of accomplishing their purposes and so
> are not available." Id. at 1084 (citation omitted).  In Macias v. Zenk, 495 F.3d 37,
> 45 (2d Cir. 2007), the Second Circuit remanded for a determination whether a
> prison official's threats had deterred the prisoner from exhausting his
> administrative remedies, rendering those remedies effectively unavailable, and
> whether the defendants should therefore be estopped from asserting lack of
> exhaustion as a defense.

Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (PLRA exhaustion requirement was

"excused because [prisoner] took reasonable and appropriate steps to exhaust his Fourth

Amendment claim and was precluded from exhausting, not through his own fault but by the Warden's mistake" in citing an incorrect Program Statement). I note that three of the cases the Ninth Circuit cited approvingly were retaliation cases: <u>Kaba</u>, <u>Turner</u>, and <u>Macias</u>.

Looking at Stacy's situation, Clark allegedly directly threatened Stacy on July 31, 2009 for filing grievances. Stacy filed the four grievances discussed above after Clark made this threat. Three of those grievances concerned Hascall, Clark's subordinate. Clark's threat clearly did not dissuade Stacy from filing grievances so it should not have dissuaded Stacy from appealing the responses. Stacy provides no explanation for the difference.

Hascall filed the Major Disciplinary Report against Stacy on December 9, 2009. Stacy filed two grievances after this date, with one of those grievances complaining about Hascall's behavior. Again, Hascall's alleged retaliation did not dissuade Stacy from using the grievance procedure.

While Stacy was in the DSU, Powell allegedly told the Irish Pride gang that Stacy had informed on them. It is unclear when this happened, but it would have been after Stacy went to the DSU on December 9, 2009 and before his transfer to TRCI on January 14, 2010. Stacy's appeal was not due until January 25, 2010, after he was at TRCI. I acknowledge Stacy's belief that the legal facilities were inadequate at TRCI, but a grievance appeal only requires the inmate to complete a single form, and Stacy does not allege such forms were unavailable. Once at TRCI, Stacy was away from the defendants in this case, who are all employed at EOCI, and was in protective custody to keep him away from gang members.

In contrast, the inmate in <u>Turner</u> watched the warden tear up the inmate's grievance and threaten the inmate if he filed another one. The inmate did not file another grievance, but chose

to file his federal lawsuit instead.  <u>Turner</u>, 531 F.3d at 1081.  The court held that the inmate did not have to exhaust his administrative remedies because the grievance procedure was unavailable to him.  <u>Id.</u> at 1085.

Similarly, the plaintiff inmate in <u>Kaba</u> was threatened repeatedly by his case manager and other prison officials for filing grievances, had grievance forms withheld, and was ultimately assaulted by another inmate after the case manager spoke to several inmates about getting one of them to assault the plaintiff inmate because he had filed too many grievances.  During the same time frame, the plaintiff inmate had grieved other issues but not the one causing the retaliation by his case manager.  <u>Kaba</u>, 458 F.3d at 682-83.  The court held that a fact issue existed on whether the grievance system was available to the inmate, thus precluding summary judgment in favor of defendants.  <u>Id.</u> at 684-86.

Ninth Circuit precedent allows me to decide disputed facts when determining whether an inmate exhausted his remedies.  Threats and retaliation stopped the inmates in <u>Turner</u> and <u>Kaba</u> from completing, or even starting, the grievance process.  Here, threats and retaliation did not stop Stacy from filing grievances against the people threatening him.  I am not persuaded that Stacy failed to file the necessary appeals out of fear.  Accordingly, I conclude that the grievance procedure was available to Stacy, that he was not excused from exhausting his administrative remedies, and that I must dismiss his claims without prejudice.

## CONCLUSION

Defendants' Motion to Dismiss (#28) is granted.  Stacy's claims are dismissed without prejudice.

IT IS SO ORDERED.

Dated this _____18th_____ day of November, 2010.

      ___/s/ Garr M. King_____
      Garr M. King
      United States District Judge